

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-23-00338-CV

**IN THE INTEREST OF M.L.M.** and J.C.M., Children

From the 216th Judicial District Court, Gillespie County, Texas
Trial Court No. 12842
Honorable Albert D. Pattillo, III, Judge Presiding

PER CURIAM

Sitting:  Rebeca C. Martinez, Chief Justice
    Patricia O. Alvarez, Justice
    Luz Elena D. Chapa, Justice

Delivered and Filed: August 2, 2023

DISMISSED FOR LACK OF JURISDICTION

This appeal arises from a suit to modify the parent-child relationship, filed by appellee. Appellant is the father of the children. On January 3, 2023, the trial court signed Temporary Orders and an Order for Child Custody Evaluation. The Temporary Orders require family therapy and specify that each parent must pay all costs if the parent alone attends therapy or both parents must split the costs if a child attends. The Temporary Orders also require each parent to obtain a subscription to a co-parenting website at each parent's expense. The Order for Child Custody Evaluation orders a child custody evaluation by a qualified professional and requires each parent to pay half of the costs. Appellant filed a motion to reconsider these orders, and then, on April 3, 2023, a notice of appeal, attempting an appeal from these orders.

On June 12, 2023, we ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. We noted that it appeared that no statute authorized our jurisdiction over this interlocutory appeal and that we had previously dismissed an attempted appeal from temporary orders in a modification suit. *See In re B.V.*, No. 04-21-00086-CV, 2021 WL 2814896, at \*2 (Tex. App.—San Antonio July 7, 2021, no pet.) (mem. op.) (citing *In re K.S.*, No. 02-20-00409-CV, 2021 WL 126596, at \*1 (Tex. App.—Fort Worth Jan. 14, 2021, no pet.) (mem. op.); *see also Pina v. Shaw*, No. 01-03-00088-CV, 2004 WL 306096, at \*2 (Tex. App.— Houston [1st Dist.] Feb. 19, 2004, no pet.) (mem. op.)).

Appellant responded, asserting that he "believes Mandamus would be the appropriate course given that his Statement of Inability to Pay remains uncontested." Appellant attached an unsigned, proposed order, to his response. This proposed order denies appellant's "Motion for Reconsideration of January 3, 2023 Court Appointed Professionals." Appellant also cites to Rule 145(g) of the Texas Rules of Civil Procedure as the basis for our jurisdiction "[s]hould the Trial Court choose to adopt appellee's erroneous [proposed] order." Included within our record is a hearing on appellant's motion for reconsideration. During the hearing, appellant asked the trial court to reconsider its prior orders and remove the requirement that he pay half of the costs of the child custody evaluation.

Rule 145 provides a procedure to exempt a party from paying court costs if the party files a statement of inability to afford payment. *See* TEX. R. CIV. P. 145(a), (b). However, after a party files a sworn statement of inability to pay, a trial court may order the payment of court costs if it holds an evidentiary hearing and if other requirements are met. *See id.* R. 145(e), (f). If a trial courts order the payment of court costs after a party has filed a statement of inability to pay, that party may challenge the order "by motion filed in the court of appeals with jurisdiction over an appeal from the judgment in the case." *Id.* R. 145(g)(1). "The motion must be filed within 10

days after the trial court's order is signed. The court of appeals may extend the deadline by 15 days if the [party] demonstrates good cause for the extension in writing." *Id.* R. 145(g)(2).

Appellant asserts in his notice of appeal that he appeals from the Temporary Orders and Order for Child Custody Evaluation, both of which were signed on January 3, 2023. Based on his response to our show-cause order, it appears he has abandoned his appeal from these orders and instead wishes to pursue mandamus relief as to an unsigned, proposed order denying his motion for reconsideration.

To the extent appellant seeks to appeal from the January 3, 2023 orders, we hold that we do not have jurisdiction over an appeal from these orders. As previously noted, no statute appears to authorize an interlocutory appeal. *See In re B.V.*, 2021 WL 2814896, at *2. Insofar as the January 3, 2023 orders require appellant to pay certain costs, arguably, Rule 145(g) could provide a jurisdictional basis for our review of the orders as to costs. However, even if these orders required appellant to pay "costs," as that term is defined,[1] appellant's challenge to the orders is untimely and Rule 145(g) does not provide a basis for our review. Rule 145(g) requires a motion filed in the court of appeals within ten days of the challenged order, and it allows a fifteen-day extension of the deadline for good cause. *Id.* R. 145(g)(2). Appellant's April 3, 2023 notice of appeal, challenging the January 3, 2023 orders, was filed well beyond the deadline, even if extended. Rule 26.1(a)(2) of the Texas Rules of Appellate Procedure, which appellant cites in his notice of appeal, does not provide for any additional or longer extension of the deadline because the appellate rule, by its terms, applies only to appeals from judgments — not appeals from

---

[1] Rule 145 defines "costs" as "any fee charged by the court or an officer of the court, including, but not limited to, filing fees, fees for issuance and service of process, fees for copies, fees for a court-appointed professional, and fees charged by the clerk or court reporter for preparation of the appellate record." *Id.* R. 145(a).

interlocutory orders. TEX. R. APP. P. 26.1(a)(2) (allowing notice of appeal to be filed within ninety days after judgment is signed if party files motion to modify judgment).

To the extent appellant challenges the trial court's refusal to sign an order on his motion for reconsideration, we also lack jurisdiction over this appeal. Rule 145(g) concerns a challenge to "an order issued by the trial court under this rule." TEX. R. CIV. P. 145(g)(1). Rule 145(g) does not provide for our review if no order has issued. *See id.*; *cf. Tello v. Off. of Att'y Gen., Child-Support Div.*, No. 03-22-00668-CV, 2022 WL 17490997, at *2 (Tex. App.—Austin Dec. 8, 2022, no pet.) (mem. op.) (dismissing for lack of jurisdiction appeal from oral ruling requiring appellant to pay costs).

Because appellant has not established a valid basis for our jurisdiction over his appeal, we dismiss his appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a). We do not address whether mandamus relief may be appropriate because the issue is not before us, and our dismissal of appellant's appeal does not preclude appellant from pursuing mandamus relief by a separate original proceeding.

PER CURIAM